**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE WILSON MOLINA,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.    20-72043<br><br>Agency No. A208-836-784<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022[**]
San Francisco, California

Before:  BYBEE, CALLAHAN, and COLLINS, Circuit Judges.

Petitioner Jose Wilson Molina is a citizen of Honduras who entered the

United States around August 2004 without inspection.  He seeks relief from denial

of an application for asylum, withholding of removal, and protection under the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT) by an immigration judge (IJ) that was affirmed by the Board of Immigration Appeals (BIA). The agency determined that Molina's asylum claim was time barred and that he failed to establish eligibility for withholding of removal because his proposed particular social groups were not legally cognizable, he had failed to establish nexus, he had not demonstrated that the Honduran government was unable or unwilling to protect him, and he could reasonably relocate to avoid harm. Molina contends that the agency erred in all respects.[1] The government has sought remand to the agency to consider, in the first instance, the implications of the vacatur of *Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019), by *Matter of L-E-A-*, 28 I. & N. Dec. 304 (A.G. 2021), on the agency's cognizability and nexus determinations.[2] Because our decision does not rest on either determination, we deny the motion. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

---

[1] Although Molina nominally asserts that the agency erred in denying his CAT claim, he presents no legal argument to support the contention, and his claim is abandoned. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

[2] We recognize that the government's counsel was delayed in filing the motion for remand because of a life-threatening health emergency. The timing of the motion plays no role in our decision.

Where the BIA affirms the IJ and cites its decision in *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994), while adding its own analysis, we review the decisions of the IJ and BIA together, and we review the agency's factual findings for substantial evidence. *See Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). A petitioner contending that the agency's findings are erroneous must establish that the evidence not only supports a contrary conclusion, but compels it. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) ("A finding by the IJ is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." (cleaned up) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014))).

1.     Molina contends that the BIA improperly affirmed dismissal of his asylum claim. Although asylum seekers are generally required to file their applications within one year of arriving in the United States, the deadline may be extended by showing "changed circumstances" that materially affect their eligibility for asylum. 8 U.S.C. § 1158(a)(2)(B), (D); *Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013). The asylum seeker then has a "reasonable period" in which to file the application. 8 C.F.R. § 1208.4(a)(4)(ii); *see Husyev v.*

*Mukasey*, 528 F.3d 1172, 1182 & n.4 (9th Cir. 2008) (holding that, "[i]n the absence of any special considerations," a six-month deadline is reasonable). We have jurisdiction to consider changed circumstances where the agency's determination relies on undisputed facts. *Sumolang*, 723 F.3d at 1083. Both the IJ and BIA noted that the murder of Molina's uncle in 2013 constituted changed circumstances, giving him a "reasonable period" from that date in which to apply for asylum. Following the murder of his uncle, Molina likewise lost a cousin in 2014, his father in 2015, another uncle in 2016, and then another cousin's husband in 2017. Yet, Molina did not apply for asylum until 2018, five years after the initial killing and over two years after the death of his own father. In context, Molina has not demonstrated that the murder of his cousin's husband constitutes materially changed circumstances for purposes of his asylum claim. *See Sumolang*, 723 F.3d at 1083 (holding that the reasonable period in which to file begins after an applicant learns of violence and is not extended throughout the violence's duration). Accordingly, the agency did not err in holding that his asylum claim is time barred.

2. Molina asserts that the BIA erred in affirming the denial of his withholding claim. Even assuming that Molina stated legally cognizable particular social groups and has shown nexus, he has not demonstrated that the Honduran

government was unwilling or unable to protect him from Los Samueles or that he could not reasonably relocate within Honduras to avoid harm. *See* 8 C.F.R. § 1208.16(b)(2).

First, the IJ identified country conditions evidence that indicated the Honduran government has undertaken significant efforts to curtail violence and corruption in the country. Indeed, the government has passed substantive legislation that has halved the homicide rate, improved the police force, and increased citizen safety.

Second, the record supports the agency's conclusion that Molina could reasonably relocate in Honduras to avoid harm. Molina concedes that Los Samueles are only located in his hometown, and the IJ noted that there was insufficient evidence to show that they pose a threat outside the village. As Molina is otherwise an able-bodied man with work experience, relocation is not unreasonable. *See* 8 C.F.R. § 1208.16(b)(3) ("[A]djudicators should consider the totality of the relevant circumstances . . . including the size of the country[,] . . . the geographic locus of the alleged persecution, the size, reach, or numerosity of the alleged persecutor, and the applicant's demonstrated ability to relocate to the United States . . . ."). Because substantial evidence supports the agency's findings that the Honduran government was not unable or unwilling to protect Molina from

Los Samueles and that he could reasonably relocate and avoid harm, we deny the petition.

**PETITION DENIED.**